No. 50,165

NATIONAL EDUCATION ASSOCIATION-GOODLAND, *Appellee,* v. BOARD OF EDUCATION, U.S.D. 352, SHERMAN COUNTY, KANSAS, *Appellant.*

(592 P.2d 907)

Opinion filed March 31, 1979.

*B. E. Whalen,* of Whalen, McGinley & Fairbanks, P.A., of Goodland, argued the cause and was on the brief for the appellant.

*Tom Kelley,* of Dreiling, Bieker & Kelley, of Hays, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The plaintiff, NEA-Goodland, is the exclusive bargaining agent for the teachers employed by the defendant, the Board of Education of Unified District No. 352, Sherman County, Kansas. This appeal involves a dispute between plaintiff and the board as to the terms and conditions of teachers' contracts for the 1977-1978 school year.

A negotiated agreement between the parties expired on June 30, at the close of the 1977 school year. The parties were unable to reach a new negotiated agreement for the ensuing year. Most of the teachers refused to sign contracts proffered by the board; instead, they elected to continue employment under the Continuing Contract Law, K.S.A. 72-5411 and K.S.A. 1976 Supp. 72-5437. The individual teacher's contracts for the 1976-1977 school year made no reference to the negotiated agreement then in effect. The board contends that the negotiated agreement was not a part of its contract with individual teachers since it was not incorporated therein by reference. We decided this issue adversely to the board's position in *Riley County Education Ass'n v. U.S.D. No. 378,* 225 Kan. 385, 592 P.2d 87 (1979). We said:

"Teachers' 'contracts of employment' referred to in the Continuing Contract Law (K.S.A. 72-5411 and K.S.A. 1976 Supp. 72-5437) include both the teachers' individual contracts and the negotiated agreement, regardless of whether the negotiated agreement was expressly made a part of the individual contracts as authorized by K.S.A. 72-5423(c) (now 1978 Supp. 72-5423[d])." (Syl. ¶ 2.)

The board also contends that K.S.A. 72-5411 and K.S.A. 1976 Supp. 72-5437 are separate and distinct continuing contract laws, serving separate purposes. We decided this issue in *NEA-Wichita v. U.S.D. No. 259*, 225 Kan. 395, 592 P.2d 80 (1979), in which we said:

"K.S.A. 1976 Supp. 72-5437 of the Teachers' Due Process Act and K.S.A. 72-5411 of the original Continuing Contract Law are not inconsistent or in disharmony with each other and are both now a part of the Continuing Contract Law applicable to teachers." (Syl. ¶ 1.)

Under these interpretations of the Continuing Contract Law, it is clear that the teachers employed by defendant who refused to sign new contracts continued for the 1977-1978 year under their individual 1976-1977 contracts *and* under the negotiated 1976-1977 agreement. However, one issue remains unresolved.

Plaintiff contends that these teachers are entitled, during the 1977-1978 school year, to receive salary step increases as provided in the negotiated 1976-1977 agreement. We disagree.

In *NEA-Wichita*, the negotiated agreement provided for renegotiation of certain provisions, including those relating to salaries, at the end of the first year of the two-year negotiated agreement. The parties were unable to agree upon changes. Some 25 teachers refused to sign individual contracts for the second year, and continued to teach under the terms of the Continuing Contract Law. We held that both the individual contracts and the negotiated agreement were applicable, and that during the second year the teachers were entitled to step or track increases provided in the negotiated agreement. We said, however, that, "we do not determine what would be the result on this issue if we were construing the rights of the parties *after the expiration of the negotiated agreement.*" 225 Kan. at 401. (Emphasis supplied.)

We have such a situation before us in the case at hand. The individual teachers' contracts for the 1976-1977 year had expired, and the negotiated agreement for the 1976-1977 year had likewise expired. Nothing in the Continuing Contract Law or the Collective Negotiations Act indicates that the legislature intended that teachers, continuing to teach after expiration of their contracts, are entitled to salary increases.

The original Continuing Contract Law, L. 1951, ch. 413, providing that "All contracts of employment of teachers . . . shall be deemed to continue for the next succeeding school year . . . ." referred to the individual contract between board and teacher, there being no negotiated agreements or "master contracts" at that time. Teachers' contracts had to be in writing (see G.S. 1951 Supp., 72-1028, 72-1624) and were issued for one year at a time. School districts could not enter into binding contracts with teachers for the ensuing year until after the annual meeting in April. G.S. 1949, 72-401, 72-406; G.S. 1951 Supp., 72-1028; and see *Calloway v. Atlanta Rural High School,* 129 Kan. 659, 284 Pac. 377 (1930). Under the present statutes, negotiated agreements may not extend beyond a two year period. K.S.A. 1978 Supp. 72-5423(*d*).

The intent of the Continuing Contract Law, in our opinion, is to permit teachers whose contracts have expired to continue under the same terms and rates of pay for the ensuing year. We hold that teachers whose contracts have expired, and who elect to proceed under the Continuing Contract Law, are not entitled to pay increases under an expired negotiated agreement, even though the provisions of that negotiated agreement remain effective in all other respects as to terms and conditions of employment. To hold otherwise would permit teachers to receive increases year after year under an expired negotiated agreement; this is not the intent of the Continuing Contract Law.

The judgment below is modified to conform to the mandates of this opinion. As so modified, it is affirmed.

HERD, J., not participating.